**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMEEL LOCKHART,

Plaintiff,

v.

SUN WEST MORTGAGE COMPANY, INC.,

Defendant.

Case No. 2:25-cv-11341
Hon. Gershwin A. Drain

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

NOW COMES Defendant, SUN WEST MORTGAGE COMPANY, INC. ("Sun West"), by and through its attorneys GARAN LUCOW MILLER, P.C., and for its response in opposition to Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [ECF No. 11], submits the accompany brief in opposition to Plaintiff's motion.

1. Plaintiff filed the instant action seeking a declaratory judgment, and damages for alleged violations of the Truth in Lending Act, Real Estate Settlement Procedures Act and Defendant's alleged breach of contract. Plaintiff's claims lack merit, are insufficiently pled and otherwise reflect and conscious effort by the Plaintiff to avoid his contractual obligations under a mortgage with Sun West.

2. The validity of the Plaintiff's mortgage debt has not been disputed in good faith. Notably, Plaintiff does not deny that he entered into a purchase money mortgage with Sun West on December 7, 2023 securing an obligation of $466,297.00 that Plaintiff used to purchase a property at 1304 Devonshire Rd., Grosse Pointe Park, MI 48230. Defendant is accurately reporting Plaintiff's mortgage to credit reporting agencies, including Plaintiff's failure to make payments due for May 1, June 1, and July 1, 2025.[1] (**Exhibit 1**- Affidavit of Sun West, ¶¶ 11-12).

3. Defendant denies that negative reporting to credit reporting agencies is causing Plaintiff irreparable harm. Plaintiff's unilateral decision to cease making payment on his mortgage does not constitute irreparable harm on the part of Sun West. Defendant's credit reporting is accurate and Plaintiff fails to establish that he is likely to succeed on the merits. (**Exhibit 1**- Affidavit of Sun West) If a moving party "fails to show that he has some chance on the merits, that ends the matter." *Developmental Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011) (citation omitted).

[1] Plaintiff also obtained a Second Mortgage from Sun West on 12/7/23 with an original principal balance of $23,745.00 that was subsequently recorded on 12/14/23 in Liber 58597, Page 695 of the Wayne County Register of Deeds. (See, Exhibit 1- Affidavit of Sun West, ¶ 13). Defendant has not addressed the second mortgage for purposes of the instant motion because the servicing rights for the second mortgage were transferred to BSI Financial Services effective 5/15/25 and as a result, Sun West is no longer furnishing any payment status information on the Second Mortgage to credit reporting agencies. *Id.* at ¶ 14.

4. Defendant denies that Plaintiff has submitted good faith disputes to the Defendant concerning his mortgage loan. On the contrary, Plaintiff's attempt to avoid his contractual obligations using documents such as a "formal notice of rescission" and "tender of settlement" have no legal effect.

5. Defendant denies that Plaintiff is entitled to a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Plaintiff has not set forth any legal authority that would require Defendant to cease credit reporting, nor has Plaintiff established that he is likely to succeed on the merits in this case. "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000).

6. Defendant denies that maintaining the "status quo" is relevant to whether the Court should issue a temporary restraining order or preliminary injunction. The Court must weigh the following factors when determining whether to grant a temporary restraining order or preliminary injunction.

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [temporary restraining order or preliminary injunction], (3) whether granting the [temporary restraining order or preliminary injunction] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [temporary restraining order or preliminary injunction].

*Ne. Ohio Coal for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006).

WHEREFORE, Defendant SUN WEST MORTGAGE COMPANY, INC. respectfully requests that this Honorable Court deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction in its entirety, and grant such other relief it deems just and reasonable.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5522
ckrause@garanlucow.com
P70581

Dated: August 1, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMEEL LOCKHART,

Plaintiff,

v.

SUN WEST MORTGAGE
COMPANY, INC.,

Defendant.

Case No. 2:25-cv-11341
Hon. Gershwin A. Drain

---

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## STATEMENT OF ISSUE PRESENTED

Should Plaintiff's Motion for a temporary restraining order or preliminary injunction enjoining Defendant from reporting information to credit reporting agencies be denied when the information reported by Defendant is accurate, Plaintiff has not established the likelihood of success on the merits, there is no irreparable harm, and public policy favors enforcement of the parties contract?

Plaintiff answers: "No"

Defendant answers: "Yes"

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Defendant relies upon Federal Rule of Civil Procedure 65, 15 U.S.C. § 1635(e), and MCL § 566.132, as the controlling and most appropriate authority.

## I. Factual and Procedural History

Plaintiff's motion for a temporary restraining order and preliminary injunction was filed with the Court on July 9, 2025. (ECF No. 11). However, the motion was never properly served on the Defendant, and Plaintiff's filing does not contain a certificate of service. Notwithstanding these procedural deficiencies, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction fails to set forth any legal authority that would require Defendant to cease any negative credit reporting on Plaintiff's account when the information reported by the Defendant is accurate. Plaintiff does not deny that he obtained a Note and Mortgage from Sun West, enabling him to purchase his home in December 2023. Instead, Plaintiff takes the position that because he has "disputed" the nature of the alleged debt, Defendant is prohibited from "reporting or updating negative information concerning Plaintiff to any consumer credit reporting agency until the resolution of this case." (ECF No. 11 at PageID 124.). In turn, Plaintiff's Amended Complaint in this action fails to state a claim upon which relief may be granted and as Plaintiff is unlikely to be successful with these claims, Plaintiff's motion should be denied in its entirety.

On November 1, 2023, Plaintiff applied for a purchase money mortgage with Sun West in order to purchase a home. (**Exhibit 1**- Affidavit, ¶ 10). Plaintiff applied for a loan insured by the Federal Housing Administration (FHA), an agency under

the jurisdiction of the U.S. Department of Housing and Urban Development (HUD). *Id.*

Plaintiff received approval for the loan and on December 7, 2023, Plaintiff executed a note with Sun West for $466,297.00 secured by a purchase money mortgage dated December 7, 2023 and recorded December 14, 2023 in Liber 58597, Page 680 of the Wayne County Register of Deeds, (**Exhibit 1**- Affidavit, ¶ 5). The $466,297.00 Sun West loaned to Plaintiff was used for Plaintiff's purchase of the property at 1304 Devonshire Rd., Grosse Pointe Park, MI 48230. (**Exhibit 2**- Warranty Deed). As consideration for Sun West's agreement to loan the funds to Plaintiff for the purchase of the property, Plaintiff agreed to make monthly principal and interest payments of $3,503.13 to Sun West on the first of every month beginning February 1, 2024 and ending January 1, 2054. (**Exhibit 1**- Affidavit, Exhibit A, Note). The Mortgage further requires Plaintiff to pay an additional sum for escrow items such as property taxes and premiums for insurance. (**Exhibit 1**- Affidavit, Exhibit B- Mortgage, p. 4 of 14). Sun West is the lender and current servicer for Plaintiff's purchase money mortgage. (**Exhibit 1**- Affidavit, ¶¶ 8-9).

On December 11, 2023, shortly after closing on the loan, Plaintiff sent Sun West a document entitled "Affidavit of Notice: Right of Rescission and Termination of the Security Interest." (**Exhibit 3**- 2/11/23 Notice). Plaintiff claimed that he did not receive notice of his right to rescind upon the closing of his loan, made various

allegations of wrongdoing during the origination of his loan, and demanded damages from Sun West. *Id.*

On January 4, 2024, Sun West responded to Plaintiff's dispute by confirming that Plaintiff received all of the required disclosures at the time of closing on his loan and advising Plaintiff that Sun West was not required to provide Plaintiff with a Notice of Right to Rescind.[2] (**Exhibit 4**- Sun West Response, 1/4/24).

On February 5, 2024, Plaintiff sent a document to Sun West entitled "Affidavit Notice of Default" whereby Plaintiff declared that he had entered a default judgment against Sun West, claimed a lien against Sun West for $1,926,000.00, and demanded discharge of his mortgage. (**Exhibit 5**- Affidavit Notice of Default, pp. 8-9).

Sun West responded to Plaintiff's February 2024 correspondence on February 15, 2024 denying Plaintiff's request to discharge his loan and confirming, once again, that Plaintiff had received all of the required disclosures and his loan was valid. (**Exhibit 6**- Sun West Response, 2/15/24).

On April 7, 2025, Plaintiff sent Sun West a document entitled "Private Security Agreement" purporting to enter a default judgment against Sun West and demanding damages of $3,375,000.00. (**Exhibit 7**- Private Security Agreement). On

[2] The right of rescission does not apply to a 'residential mortgage transaction' defined under the Truth In Lending Act as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." See, 15 U.S.C. §§ 1635(e)(1), 1602(x) (formally found at 1602(w)).

April 22, 2025, Sun West once again responded to Plaintiff's communication, summarizing the documents it had received from Plaintiff to date and reiterating that Plaintiff had received the appropriate disclosures upon the closing of his loan and that Sun West had confirmed that the Loan was valid. (**Exhibit 8**- Sun West response, April 22, 2025).

On May 7, 2025, Plaintiff initiated the present action by filing a document entitled "Motion for Summary Judgment and Default Judgment." (ECF No. 1), followed by a Complaint on May 12, 2025 (ECF No. 4) and an Amended Complaint on May 19, 2025 (ECF No. 6). Plaintiff has not made the required monthly payments under the terms of his purchase money mortgage with Sun West for the months of May, June, or July 2025. (**Exhibit 1**- Sun West Affidavit, ¶ 11). Since Plaintiff has failed to make the required payments for these months, Sun West has accurately reported the payments negatively (past due) to the Credit Reporting Agencies. *Id.* at ¶¶ 11-12.

Notably, Plaintiff does not claim that he has made all of the required monthly payments for this mortgage. Instead, Plaintiff's demand for a temporary restraining order or preliminary injunction is based solely on his claim that he "disputed the nature of the alleged debt" and therefore, Sun West should be prohibited from reporting any negative information on his credit report. Plaintiff's motion fails to satisfy the requirements of Rule 65 of the Federal Rules of Civil Procedure when

there is no likelihood of success on the merits. Plaintiff also cannot show irreparable harm when the negative information on his credit report is accurate and the direct result of Plaintiff's decision to stop making his mortgage payments. Lastly, Plaintiff's amended complaint seeks a declaratory judgment under 28 U.S.C. § 2201, damages for breach of contract, and recovery under the Truth In Lending Act and Real Estate Settlement Procedures Act. (ECF No. 6). None of causes of action in Plaintiff's pleadings allow for injunctive relief as a remedy or allow a litigant to enjoin credit reporting.

## II. <u>Standard of Review</u>

Rule 65 of the Federal Rules of Civil Procedure governs issuance of temporary restraining orders and preliminary injunctions. Temporary restraining orders and preliminary injunctions are "' extraordinary and drastic remed[ies], one[s] that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion.'" *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (quoting 11A C. Wright A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Bd. of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000).

The Court must weigh the following factors when determining whether to grant a temporary restraining order or preliminary injunction.

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would

> suffer irreparable injury absent a [temporary restraining order or preliminary injunction], (3) whether granting the [temporary restraining order or preliminary injunction] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [temporary restraining order or preliminary injunction].

*Ne. Ohio Coal for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006).

## III. LEGAL ANALYSIS

### A. Plaintiff is not entitled to a preliminary injunction or temporary restraining order when he is unlikely to succeed on the legal merits.

#### i. Declaratory Judgment and Rescission under the Truth In Lending Act ("TILA"), 28 U.S.C. § 2201 and 15 U.S.C. § 1635.

Count I and Count III of Plaintiff's Amended Complaint allege that Defendant failed to provide the disclosures required by TILA and Regulation Z, "including a clear right to rescind and accurate finance charge disclosures." (ECF No. 6 at PageID 111, ¶¶ 17, 22-23). As detailed above, Sun West repeatedly advised Plaintiff that he received all of the required disclosures for his mortgage loan. Plaintiff's closing disclosure, acknowledged and signed by Plaintiff, is also attached as **Exhibit 9** hereto.

Furthermore, the statute specifically states that the right to rescind under TILA does not apply to a "residential mortgage transaction," defined as a "transaction in which a mortgage, deed of trust, purchase money security interest

arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. §§ 1635(e)(1), 1602(x) (formally found at 1602(w)).

There is no dispute that Plaintiff's purchase money mortgage is a "residential mortgage transaction" as defined by TILA. The loan Plaintiff obtained from Sun West is secured by a purchase money mortgage recorded against the Plaintiff's property at 1304 Devonshire Rd., Grosse Pointe Park, MI 48230. The funds loaned to Plaintiff by Sun West pursuant to the terms of the note and purchase money mortgage were used by Plaintiff to purchase this property. (**Exhibit 1**- Affidavit of Sun West, ¶ 6) (**Exhibit 2**- Warranty Deed). Therefore, the right to rescission codified in section 1635 of TILA does not apply to Plaintiff's mortgage loan, Plaintiff is not entitled to the requested relief and is therefore unlikely to prevail on the merits.

**ii. Breach of Contract and Accord and Satisfaction under the Uniform Commercial Code**

According to Count II of Plaintiff's Amended Complaint, Plaintiff claims that he made a "clear unambiguous offer of accord and satisfaction," "Defendant accepted and deposited the conditional settlement instruments" and therefore, Plaintiff does not owe the remaining balance on her mortgage pursuant to section 3-311 of the Uniform Commercial Code. (ECF No. 6 at PageID 111). However,

Plaintiff cannot unilaterally modify the terms of his mortgage with an "accord and satisfaction" because such action is barred by the Michigan statute of frauds, MCL § 566.132 which provides is relevant part:

> (2) A person shall not bring an action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify or permit a delay in repayment or performance of a loan, extension of credit or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit or other financial accommodation.

MCL § 566.132

The Sixth Circuit has found that Michigan's statute of frauds bars all actions against a financial institution that are not based on a signed writing bearing the authorized signature of the financial institution, stating:

> Michigan's statute of frauds provides, in pertinent part, that "an action shall not be brought against a financial institution ... unless the promise or commitment is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132. This includes promises or commitments "to lend money, [ ] to modify [a loan], or permit a delay in repayment or performance of a loan,... [or] to waive a provision of a loan." *Id*. Michigan courts have interpreted the provision liberally, instructing that the "unambiguous" statute

> "preclude[s] all actions for ... promises and commitments" that are based on an oral promise. *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich.App. 538, 619 N.W.2d 66, 72 (2000).

*Smith v. Bank of America Corp.*, 485 Fed. Appx. 749, 753 (6th Cir. 2012). *See also*, *Blackward Properties, LLC v. Bank of America*, 476 Fed. Appx. 639, 641-42 (6th Cir. 2012) (the Michigan statute of frauds "amounts to 'an unqualified and broad ban' and bars '*all* actions for the enumerated promises and commitments, including actions for promissory estoppel'").

Plaintiff's contention that a "conditional settlement instrument" that he created satisfies the balance owed on his $466,297.00 mortgage is an action amounting to a financial accommodation and/or waiver of a provision of Plaintiff's mortgage loan within the meaning of MCL § 566.132. Plaintiff has not produced a written document containing the authorized signature of Sun West memorializing its agreement to accept these new loan terms. Therefore, Plaintiff's claim that he modified the terms of her mortgage with a "conditional settlement instrument" is barred by the statute of frauds because it is not based on a written agreement containing an authorized signature of Sun West.

Plaintiff's legal position also continues to ignore case law holding that Article 3 of the UCC does not apply to mortgages. *Jaboro v Wells Fargo Bank, N.A.,* No. 10-11686, 2010 WL 5296939, at *6 (E.D.Mich. Dec. 20, 2010) (**Exhibit 10-** Unpublished decisions). The Michigan Court of Appeals has also held that "[a]

mortgage is not a negotiable instrument since it does not 'contain an unconditional promise or order to pay a sum certain…'" *Mox v. Jordan,* 186 Mich App 42; 463 NW2d 114, 115 (1990) (alteration in original) (quoting MCL § 440.3104(1)(b)). The *Mox* court further stated that "[a] mortgage merely secures payment of the negotiable instrument. In effect, the mortgagor merely grants a security interest in the real estate to the mortgagee." *Id.* Plaintiff does not cite to any legal authority standing for the proposition that 3-311 allows a borrower to unilaterally modify the terms of a note and mortgage.

In order to support a finding of accord and satisfaction as the Plaintiff encourages the court to do, there must be either an unliquidated claim or a bona fide dispute at the time of the accord. See, MCL 440.3311(1)(ii); *Hoerstman General Contracting, Inc. v Hahn,* 474 Mich 66, 76; 711 N.W.2d 340 (2006). However, the original principal balance on Plaintiff's mortgage and Plaintiff's obligation to make monthly payments is not in dispute and would be considered a liquidated claim. Plaintiff does not deny that he signed the mortgage and note, and that as consideration for this agreement, Sun West provided him with a loan for $466,297.00 with a set interest rate and minimum required monthly payments that enabled Plaintiff to purchase a home. Plaintiff does not provide any legal authority supporting a finding that the balance due on the mortgage is an "unliquidated claim"

for purposes of an accord and satisfaction and Plaintiff's arguments fail as a matter of law.

In sum, Plaintiff does not present any legal authority tending to suggest that his mortgage should be considered a negotiable instrument for purposes of the Uniform Commercial Code, or that the amount due on her mortgage is an unliquidated claim, a prerequisite to establishing a valid accord and satisfaction. Plaintiff's alleged "conditional settlement instrument" did not satisfy the balance due on his mortgage and Plaintiff remains liable for periodic payments until the balance is paid in full in accordance with the mortgage document. (**Exhibit 1**- Affidavit of Sun West).

**iii. Real Estate Settlement Procedures Act and Regulation X**

Lastly, Plaintiff's Amended Complaint sees damages and injunctive relief as a result of Plaintiff's claims that Defendant "failed to timely and meaningfully respond to Plaintiff's Qualified Written Requests and Notices of Error" and "Defendant failed to conduct reasonable investigations or correct errors." (ECF No. 6 at PageID 112, ¶¶ 24-25).

Borrowers may enforce regulations promulgated under RESPA pursuant to section 6(f), 12 U.S.C. § 2605(f), which limits the available remedies for any violations to actual damages and the borrower's costs and attorney fees. Here, Plaintiff seeks an equitable remedy: a temporary restraining order or preliminary

injunction preventing Defendant from reporting negative information on his credit report. Such a remedy is not permissible under RESPA.

Plaintiff does not offer any additional factual support for his claims under RESPA. In this regard, the Court should decline to address this allegation since "[i]ssues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited." *Williamson v. Recovery Ltd. Partnership,* 731 F.3d 608, 621 (6th Cir. 2013).

**B. Plaintiff will not suffer irreparable harm without an injunction.**

Plaintiff alleges that Sun West's "continued reporting is causing irreparable harm to Plaintiff's credit standing, including loss of access to credit, inability to refinance existing obligations, and significant reputational damage." (ECF No. 11 at PageID 123). As discussed above, Plaintiff's allegations are baseless. A plaintiff seeking a preliminary injunction must show that they will likely suffer irreparable harm in the absence of injunctive relief. *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008). "Harm from a denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff has not demonstrated the likelihood of irreparable harm in this case because any harm to Plaintiff's credit is self-imposed: Plaintiff made the decision to stop making payments on his mortgage. Sun West's negative credit reporting is

therefore the direct result of Plaintiff's default on his mortgage loan and "self-inflicted harm is not the type that injunctions are meant to prevent." *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 717 F.Supp.2d 724, 740 (E.D. Mich. May 13, 2010). Therefore, Plaintiff has not established that he will be subject to irreparable harm without a temporary restraining order or an injunction.

**C. A preliminary injunction would cause harm to Defendant and others**

Plaintiff's conclusory allegation that a preliminary injunction will "avoid ongoing harm" seemingly ignores the benefit that he received from the note and mortgage with Defendant, asking the Court to allow him to retain this benefit at Defendant's expense, including payment of escrow items for taxes and insurance while Plaintiff remains in default. Plaintiff does not deny that he secured a FHA purchase money mortgage from the Defendant for $466,297.00 that enabled him to purchase his home. (**Exhibit-** Affidavit of Sun West, Ex. B, Mortgage). The mortgage is labeled a FHA Mortgage in the bottom margin. This Court has previously recognized that "[t]he Federal Housing Administration ("FHA") is an entity within the United States Department of Housing and Urban Development ("HUD") which insures mortgages and administers several mortgage default insurance programs…As a mortgage insurer, the FHA agrees to protect mortgage lenders against the risk of loss caused by borrowers' non-payment, as authorized by

the National Housing Act of 1934, 12 U.S.C. § 1701 et seq. *Quicken Loans Inc. v United States,* 152 F.Supp.3d 938, 942 (E.D.Mich. 2015). Therefore, not only would Plaintiff's failure to honor his contractual obligations cause harm to the Defendant, but it would also cause loss to the Federal Housing Administration, the agency charged with insuring Plaintiff's purchase money mortgage against default.

### D. Requiring Plaintiff to honor his contractual obligations is in the public interest

This dispute between Plaintiff and Sun West concerns Plaintiff's failure to honor his contractual obligations. The Court has acknowledged "[p]ublic policy disfavors the sale of real property through the foreclosure actions, but also favors parties to honor contractual agreements, such as the Mortgage Agreement in this case." *Sayo Inc. v. Zions First Nat. Bank,* 2006 WL 3392072 at *5 (E.D.Mich. Nov. 22, 2006)(**Ex 10-** Unpublished decisions). In this regard, Plaintiff's efforts to secure a Court order to help him evade his contractual obligations under the mortgage with Defendant is against the public interest.

## IV. CONCLUSION

To resolve Plaintiff's Motion for Issuance of a Temporary Restraining Order or Preliminary Injunction, the Court must balance the likelihood of the plaintiff's success on the merits; whether the plaintiff will suffer irreparable injury without the injunction; the harm to others which will occur if the injunction is granted; and whether the injunction would serve the public interest. *In re Delorean Motor*

*Co.,* 755 F.2d 1223, 1228 (6th Cir.1985); *In re Eagle-Pitcher Industries, Inc.,* 963 F.2d 855, 858 (6th Cir.1992); and *N.A.A. C.P. v. City of Mansfield, Ohio,* 866 F.2d 162, 166 (6th Cir.1989). The factors in this case weigh in favor of the denial of Plaintiff's motion in its entirety.

Plaintiff cannot demonstrate that he will succeed on the merits of the claims asserted in the Amended Complaint and his motion, nor will he suffer irreparable injury if the preliminary injunction does not issue when any damage to Plaintiff's credit rating is self-imposed by his failure to make monthly payments. The potential harm to the Defendant, and the public interest in enforcing contractual agreements also outweighs any alleged harm to the Plaintiff.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining order Pursuant to Federal Rule of Civil Procedure 65.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5522
ckrause@garanlucow.com
P70581

Dated: August 1, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF System and served a copy by United States, First Class Mail, postage prepaid, upon the following:

Jameel Lockhart
1304 Devonshire Rd.
Grosse Pointe Park, MI 48230

s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5522
ckrause@garanlucow.com