**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMEEL LOCKHART,

Plaintiff,

v.

SUN WEST MORTGAGE COMPANY, INC.,

Defendant.

Case No. 2:25-cv-11341
Hon. Gershwin A. Drain

---

**DEFENDANT SUN WEST MORTGAGE COMPANY, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Sun West Mortgage Company, Inc. (hereinafter referred to as "Sun West"), by and through its attorneys, Garan Lucow Miller, P.C. hereby moves to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant submits the accompanying Brief in Support of its motion.

Pursuant to Eastern District of Michigan Local Rule 7.1, there was a conference by telephone between counsel for Defendant and Plaintiff on July 31, 2025 in which movant explained the nature of the motion and its legal basis and Counsel for Defendant requested, but did not obtain, concurrence in the relief sought.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

/s/Courtney A, Krause
Courtney A. Krause (P70581)
Attorney for Defendant
1155 Brewery Park Blvd. Ste 200
Detroit MI 48207
(313) 446-5522
ckrause@garanlucow.com

Dated: August 1, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMEEL LOCKHART,

Plaintiff,

vs.

SUN WEST MORTGAGE COMPANY, INC.,

Defendant.

Case No. 2:25-cv-11341
Hon. Gershwin A. Drain

---

**BRIEF IN SUPPORT OF DEFENDANT SUN WEST MORTGAGE COMPANY, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED……………………………..…………**ii**

TABLE OF AUTHORITIES…………………………………………..……..…**iii**

CONTROLLING AUTHORITY……………………………...……..……….**v**

FACTS AND PROCEDURAL HISTORY……….……………………..……………**4**

STANDARD OF REVIEW……………………………………..………..…..**5**

ARGUMENT……………………………..…………………………..…...**6**

I. Plaintiff's Amended Complaint fails to state a claim under the Truth in Lending Act ("TILA") and for Declaratory Relief…………..………………**6**

II. Plaintiff's claims for breach of contract and accord and satisfaction are barred by the statute of frauds……………………………………..…….**9**

III. Plaintiff fails to plead a cause of action under the Real Estate Settlement Procedures Act, 12 C.F.R.§ 1024.35…………………………..………...**14**

# STATEMENT OF QUESTIONS PRESENTED

1. Does Plaintiff fail to state a claim under the Truth In Lending Act when Plaintiff's mortgage qualifies as a "residential mortgage transaction" exempt from the right of rescission under 15 U.S.C. § 1635(e)

   Defendant answers: "Yes"

2. Is Plaintiff's breach of contract claim based upon "accord and satisfaction" under the UCC barred by the Statute of Frauds when it is based solely on Plaintiff's contention that he tendered a unilateral "conditional settlement instrument" on Defendant?

   Defendant answers: "Yes"

3. Does Plaintiff fail to sufficiently plead a cause of action under the Real Estate Settlement Procedures Act when Plaintiff fails to include any factual basis to support a finding that Sun West violated 12 C.F.R. § 1024.35?

   Defendant answers: "Yes"

TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)….**14**

*Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 875 (6th Cir. 2006)…..…..**7**

*Bassett v. National Collegiate Athletic Association*,
528 F.3d 426, 430 (6th Cir. 2008)………………………………..………………**5**

*Bell Atlantic Corp. v Twombly*
550 U.S. 544; 127 S.Ct. 1955, 1965 (2007)…………………………………**5**

*Blackward Properties, LLC v. Bank of America*,
476 Fed. Appx. 639, 641-42 (6th Cir. 2012)……………………………….……**11**

*Drew v Kemp-Brooks*, 802 F.Supp.2d 889, 898 (E.D.Mich.2011)………………..**16**

*Jaboro v Wells Fargo Bank, N.A.*, No. 10-11686,
2010 WL 5296939 (E.D.Mich. Dec. 20, 2010)…………………………….…**13**

*Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008)…………………….**5**

*Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1040 (6th Cir. 1984)……………..**7**

*Mox v. Jordan*, 186 Mich App 42; 463 NW2d 114, 115 (1990)…………...…….**13**

*Rondigo, L.L.C. v Township of Richmond*,
641 F.3d 673, 680-81 (6th Cir. 2011)……………………………....….…**5**

*Smith v. Bank of America Corp.*, 485 Fed. Appx. 749, 753 (6th Cir. 2012)……..**11**

*Yaldu v. Bank of Am. Corp.*, 700 F.Supp.2d 832, 839-40 (E.D.Mich. 2010)………**7**

RULES

FRCP 12…………… ………………..……………………………………………..**1, 5**

STATUTES

MCL 445.1684……………………………………………………..........………..**10**

MCL 566.132……………………………………………………….……**10, 11**

MCL 600.3204………………………………………...…………...…...**13**

12 U.S.C. § 1602………………………………………………...…………**8**

15 U.S.C. § 1635……………………………………………...……**6, 7, 8, 9**

15 U.S.C. § 1640…………………………………………...…………**6, 7, 8, 9**

12 CFR § 1024.35……………………………………………………....**14, 15, 16**

12 USC § 2605..........................................................................................**14, 15, 16**

CONTROLLING AUTHORITY

Defendant relies upon Fed.R.Civ.Pro. 12(b)(b), 15 U.S.C. § 1635(e), and MCL § 566.132, in addition to the statutes and case law set forth in the following brief as the controlling authority in support of its Motion to Dismiss Plaintiff's Amended Complaint.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Jameel Lockhart ("Plaintiff") filed his first amended complaint for "declaratory judgment, breach of contract, and violations of federal law" on May 19, 2025 (ECF No. 6 at PageID 108) seeking a declaratory judgment that he "validly rescinded" his mortgage loan, prohibiting Defendant from further collection or foreclosure. Plaintiff also sees actual, statutory and punitive damages under the Truth and Lending Act, the UCC and the Real Estate Settlement Procedures Act. (ECF No. 6 at PageID 112). Plaintiff's amended complaint is not actionable as pled, with Plaintiff asserting frivolous claims in an effort to circumvent his contractual obligations under his Note and Mortgage with Sun West.

Plaintiff is a resident and owner of the property at 1304 Devonshire Rd., Grosse Pointe Park, Michigan 48230. (ECF No. 6 at PageID 108, ¶ 1). On December 7, 2023, Plaintiff purchased the property for $474,900.00 and borrowed $466,297.00 from Sun West Mortgage Company, Inc., secured by a purchase money mortgage recorded December 14, 2023 in Liber 58597, Page 680 of the Wayne County Register of Deeds. (**Exhibit A-** Warranty Deed) (**Exhibit B-** Recorded Mortgage). The mortgage identifies Plaintiff as the borrower and Sun West Mortgage Company, Inc. as the lender. (**Exhibit B-** Recorded Mortgage, p. 1). As consideration for the mortgage that enabled him to purchase the property, Plaintiff promised to pay the debt in regular periodic payments in full no later than January 1, 2054. (**Exhibit B-**

Recorded Mortgage, p. 2). Sun West is the original mortgagee and current servicer of the Plaintiff's mortgage. *Id.*

On May 7, 2025, Plaintiff initiated the present action by filing a document entitled "Motion for Summary Judgment and Default Judgment." (ECF No. 1), followed by a Complaint on May 12, 2025 (ECF No. 4) and an Amended Complaint on May 19, 2025 (ECF No. 6). Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and Defendant is entitled to Judgment as a matter of law.

## STANDARD OF REVIEW

Defendant brings the current motion pursuant to FRCP 12(b)(b). Rule 12(b)(6) requires that a complaint "contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544; 127 S.Ct. 1955, 1965 (2007) (*internal citation omitted*). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (*internal quotation marks and citation omitted*). The court does not consider matters outside the complaint when assessing whether the plaintiff has stated a claim. *Rondigo, L.L.C. v Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir.

2011). Documents relating to mortgages and deeds associated with real property are public records and the court may take judicial notice of these materials without converting a motion to dismiss into one for summary judgment. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008). Further, when deciding a motion to dismiss, a court may consider materials outside the pleadings that "are referred to in the complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

## ARGUMENT

### I. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE TRUTH IN LENDING ACT ("TILA"), 15 U.S.C. § 1635 AND DECLARATORY RELIEF.

Count III of Plaintiff's amended complaint alleges that "Defendant failed to provide the disclosures required by TILA and Regulation Z, including a clear right to rescind and accurate finance charge disclosures" and as a result, Plaintiff is entitled to "damages and equitable relief under 15 U.S.C. §§ 1635 and 1640." (ECF No. 6 at PageID 111, ¶¶ 22, 23). Similarly, Count I of the Amended

Complaint seeks a "declaration that the mortgage loan was lawfully rescinded under 15 U.S.C. § 1635 and is void and unenforceable." (ECF No. 6 at PageID 111, ¶ 17). Since Plaintiff's mortgage loan transaction is expressly exempt from the right of rescission under the terms of the statute, Counts I and III of the Amended Complaint are not actionable as pled.

TILA was enacted to facilitate the consumer's acquisition of the best credit terms available and to protect the consumer from divergent and fraudulent practices stemming from the uniformed use of credit. *Yaldu v. Bank of Am. Corp.,* 700 F.Supp.2d 832, 839-40 (E.D.Mich. 2010) (quoting *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 875 (6th Cir. 2006)) and *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1040 (6th Cir. 1984) (internal quotations omitted). "Consistent with this purpose, [TILA] gives a consumer-borrower the right to rescind a loan secured by the borrower's principal dwelling within three business days of the transaction." *Id.* (citing 15 U.S.C. § 1635(a)). The statute also permits damages, actual and statutory, costs and attorney fees. 15 U.S.C. § 1640(a)(1)-(3)). However, the right to rescission is not absolute. The statute expressly provides and exemption so that the right to rescission does not apply to a "residential mortgage transaction," stating, in relevant part:

***

> (e) Exempted transactions; reapplication of provisions
> This section does not apply to—

(1) A residential mortgage transaction as defined in section 1602(w) of this title;

***

15 U.S.C. §1635(e).

In turn, "[t]he term "residential mortgage transaction means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).[1]

Plaintiff acknowledges in paragraph 6 of the amended complaint that this case concerns a residential mortgage transaction with the Defendant. Sun West has attached the Plaintiff's mortgage dated December 7, 2023 recorded in the Wayne County Register of Deeds, and the Warranty Deed bearing the same date, confirming that the funds given by Sun West as consideration for the mortgage were utilized to allow Plaintiff to acquire title to the residence at 1304 Devonshire Rd., Grosse Pointe Park, Michigan 48230. (ECF No. 6 at PageID 108) (**Exhibit A-** Warranty Deed) (**Exhibit B-** Purchase Money Mortgage). Defendant's Closing Disclosure for the Plaintiff's purchase of the property identifies the transaction as a "purchase" in the upper right hand section of the first page, and the sale price of

[1] The definition of residential mortgage transaction may now be found at 15 U.S.C. § 1602(x).

the property as $474,900.00, together with Plaintiff's loan amount of $466,297.00 on the third page. (**Exhibit C**- Closing Disclosure, pp. 1,3). Since Plaintiff has not set forth any facts tending to suggest that his purchase money mortgage is subject to the right of rescission under § 1635 or that would entitle him to damages under § 1640, Counts I and III of the Amended Complaint fail to state a claim upon which relief may be granted.

## II. PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND ACCORD AND SATISFACTION ARE BARRED BY THE STATUTE OF FRAUDS.

Plaintiff's breach of contract claim against Sun West based upon the Uniform Commercial Code section 3-311 and Sun West's alleged failure to honor the Plaintiff's "settlement offer in the form of two conditional checks" that Plaintiff alleges he submitted "in full and final satisfaction of the disputed obligation." (ECF No. 6 at PageID 115, ¶ 3). Plaintiff further contends that "Defendant accepted and deposited the conditional settlement instruments, thereby accepting the accord under UCC § 3-311." (ECF No. 6 at PageID 111, ¶ 19). Plaintiff labels Defendant's continued efforts to collect his payments due under the mortgage as a "breach of contract and violation of the accord." *Id.* Plaintiff's reliance on the Uniform Commercial Code in an effort to avoid his contractual obligations under the mortgage is misinformed as Defendant's mortgage is not subject to Article 3 of the

UCC and Plaintiff's position otherwise violates the Michigan statute of frauds, MCL § 566.132.

As an initial matter, Plaintiff could not unilaterally modify the terms of his mortgage by tendering "two conditional checks" because such action is barred by the Michigan statute of frauds, MCL § 566.132, which provides is relevant part:

> (2) A person shall not bring an action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify or permit a delay in repayment or performance of a loan, extension of credit or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit or other financial accommodation.

MCL § 566.132

The term "financial institution" for purposes of the above section "means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association, a state or federal chartered credit union, a person licensed or registered under the mortgage brokers, lenders and servicers licensing act, 1987 PA 173, MCL 445.1651 to 445.1684, or the second mortgage loan act,

1981 PA 125, MCL 493.51 to 493.81, or an affiliate or subsidiary thereof. MCL § 566.132(4).

The Sixth Circuit has found that Michigan's statute of frauds bars all actions against a financial institution that are not based on a signed writing bearing the authorized signature of the financial institution, stating:

> Michigan's statute of frauds provides, in pertinent part, that "an action shall not be brought against a financial institution ... unless the promise or commitment is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132. This includes promises or commitments "to lend money, [ ] to modify [a loan], or permit a delay in repayment or performance of a loan,... [or] to waive a provision of a loan." *Id*. Michigan courts have interpreted the provision liberally, instructing that the "unambiguous" statute "preclude[s] all actions for ... promises and commitments" that are based on an oral promise. *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich.App. 538, 619 N.W.2d 66, 72 (2000).

*Smith v. Bank of America Corp.*, 485 Fed. Appx. 749, 753 (6th Cir. 2012). *See also*, *Blackward Properties, LLC v. Bank of America*, 476 Fed. Appx. 639, 641-42 (6th Cir. 2012) (the Michigan statute of frauds "amounts to 'an unqualified and broad ban' and bars '*all* actions for the enumerated promises and commitments, including actions for promissory estoppel'").

In the instant case, Sun West Mortgage Company, Inc. is licensed by the State of Michigan Department of Insurance and Financial Services as a mortgage broker,

lender and servicer, holding license number SR-0022177 effective April 29, 2019. (**Ex. D**- DIFS License Information).

Plaintiff alleges in his amended complaint that he unilaterally modified the terms of his mortgage by tendering two conditional checks with a cover letter stating: "Final Settlement- Full Satisfaction of Mortgage Obligation." (ECF No. 6 at PageID 115, ¶ 3). Plaintiff reasons that this simple action meant that he was no longer required to comply with the original terms of his note and mortgage requiring monthly payments beginning February 1, 2024. (**Ex. B- Mortgage**) (ECF No. 6 at PageID, 116). However, there is no dispute that Plaintiff entered into a valid and binding note and mortgage on December 7, 2023 with Sun West, a licensed mortgage servicer, as consideration for Sun West's agreement to loan him $466,297.00 to purchase his home. (**Ex. B- Mortgag**e). Plaintiff's averment that the "two conditional checks" satisfy the balance owed on his $466,297.00 loan is an action amounting to a financial accommodation and/or waiver of a provision of Plaintiff's mortgage loan within the meaning of MCL §566.132. Plaintiff has not produced a written document containing the authorized signature of Sun West memorializing its agreement to accept these alleged new loan terms. Plaintiff's claim that he modified the terms of her loan with two conditional checks labeled "Final Settlement- Full Satisfaction of Mortgage Obligation" is therefore barred by

the statute of frauds because it is not based on a written agreement containing an authorized signature of Sun West.

To the extent that Plaintiff claims that he may relied upon an "Accord and Satisfaction" under Article 3-311 to accomplish the same result, several district courts in Michigan have held that Article 3 of the UCC does not apply to mortgages. *Jaboro v Wells Fargo Bank, N.A.*, No. 10-11686, 2010 WL 5296939, at *6 (E.D.Mich. Dec. 20, 2010) (**Ex. E- Unpublished decisions**). The Michigan Court of Appeals has also held that "[a] mortgage is not a negotiable instrument since it does not 'contain an unconditional promise or order to pay a sum certain…'" *Mox v. Jordan*, 186 Mich App 42; 463 NW2d 114, 115 (1990) (alteration in original) (quoting MCL § 440.3104(1)(b)). The *Mox* court further stated that "[a] mortgage merely secures payment of the negotiable instrument. In effect, the mortgagor merely grants a security interest in the real estate to the mortgagee." *Id.* Plaintiff's reliance on sections of Article 3 of the Uniform Commercial Code governing negotiable instruments have no relevance to this case when Sun West has the right under controlling statute, MCL § 600.3204, to enforce its mortgage. Plaintiff cannot maintain an action for breach of contract against Sun West with a request that Sun West discharge its mortgage when Sun West's decision to enforce the provisions of Plaintiff's mortgage is expressly permitted by statute. Plaintiff's efforts to

unilaterally modify the terms of his mortgage are otherwise barred by the statue of frauds.

### III. Plaintiff Fails to Sufficiently Plead a Cause of Action Under the Real Estate Settlement Procedures Act and Regulation X, 12 C.F.R. § 1024.35.

In the final Count of Plaintiff's Amended Complaint, Plaintiff alleges that "Defendant failed to timely and meaningfully respond to Plaintiff's Qualified Written Requests and Notices of Error" and "Defendant failed to conduct reasonable investigations or correct errors as required by RESPA and Regulation X." (ECF No. 6 at PageID 112). Plaintiff does not offer any other factual support for his claims. Citing 12 C.F.R. § 1024.35, without stating how Sun West allegedly violated this section, is not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

For example, Count IV of the Amended Complaint refers to 12 C.F.R. § 1024.35, entitled Error Resolution Procedures. To fall under § 1024.35, a borrower must submit a qualified written request to a servicer that "enables the servicer to identify, the name and account of the borrower" and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Allegations of error may include "[a]ny other error relating to the servicing of a borrower's mortgage loan." 12 C.F.R. §§ 1024.35(b)(7), (11). Claims to enforce Regulation X may only be

brought pursuant to 12 U.S.C. § 2605(f), limiting recovery to "actual damages." Alleged non-compliance does not impact the validity of the underlying mortgage.

Plaintiff's claims under RESPA fail as there is no factual basis in the Amended Complaint for a finding that Plaintiff submitted a "Qualified Written Request" or a "Notice of Error." Given the depth of the statutory scheme outlining detailed requirements and time frames for servicers that are contingent on receipt of a "Qualified Written Request," Plaintiff has not provided a factual basis in his Complaint that would allow the court to determine if the statute is implicated in this case. At a minimum, Plaintiff would need to set forth factual averments to support a finding that he submitted a correspondence that qualifies as a "Qualified Written Request," and secondly, that if the correspondence qualifies, that it falls within the scope of the errors covered by §1035. As discussed above, there is no indication that Plaintiff provided any request to Sun West alleging an error occurred with the servicing of his mortgage. On the contrary, Plaintiff suggests such an error occurred because he issued a "settlement offer in the form of two conditional checks" in full satisfaction of his mortgage obligations that Sun West did not accept. Plaintiff's allegation of error concerns Sun West's refusal to accept Plaintiff's unilateral "settlement offer," which Sun West was not legally or contractually required to accept and thus, Sun West's failure to concede to Plaintiff's demands does not constitute an error.

Plaintiff's claims seeking equitable relief under RESPA also fail for the separate, independent reason that the statutory scheme does not provide for the recovery he is seeking. 12 U.S.C. § 2605(f) authorizes money damages in the form of actual damages resulting from the RESPA violation, and in the case of a pattern or practice of noncompliance, statutory damages not to exceed $2,000. A Plaintiff is required to make specific damage allegations to establish a claim for monetary damages under RESPA. *Drew v Kemp-Brooks*, 802 F.Supp.2d 889, 898 (E.D.Mich.2011). Turning now to the Plaintiff's Amended Complaint, Plaintiff requests "damages and injunctive relief" under RESPA. (ECF No. 6 at PageID 112).Plaintiff's efforts to obtain equitable relief under 12 CFR § 1024.35 exceed the scope of allowable remedies under the statute. Absent allegations of actual damages in the complaint, Plaintiff's claims under 12 CFR § 1024.35 are insufficiently pled as a matter of law.

## REQUESTED RELIEF

For the reasons set forth above, Defendant Sun West Mortgage, Inc. respectfully requests that this Honorable Court Grant its Motion ot Dismiss, and enter an Order dismissing Plaintiff's Amended Complaint with prejudice in its entirety.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

/s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5522
ckrause@garanlucow.com

Dated: August 1, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and served a copy by United States, First Class Mail, postage prepaid, upon the following:

Jameel Lockhart
1304 Devonshire Rd.
Grosse Pointe Park, MI 48230

s/ Courtney A. Krause
COURTNEY A. KRAUSE (P70581)
Attorneys for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313)446-5522 / (313) 259-0450
ckrause@garanlucow.com