UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEEL LOCKHART,

          Plaintiff,

v.

          Case No. 2:25-cv-11341
          U.S. DISTRICT COURT JUDGE
          GERSHWIN A. DRAIN

SUN WEST MORTGAGE
COMPANY, INC.,

          Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#17], DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [#21], DENYING AS MOOT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [#11], AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF SYDNEY FERNANDEZ [#23]**

**I.    INTRODUCTION**

Presently before the Court are the following motions: (1) Defendant Sun West Mortgage Company, Inc.'s Motion to Dismiss [#17]; (2) Plaintiff Jameel Lockhart's Motion for Leave to File Second Amended Complaint [#21]; (3) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [#11]; and (4) Plaintiff's Motion to Strike the Affidavit of Sydney Fernandez [#23]. Upon review

of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these motions, and thus they will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, Defendant's Motion to Dismiss [#17] is GRANTED; Plaintiff's Motion for Leave to File Second Amended Complaint [#21] is DENIED; Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [#11] is DENIED AS MOOT; and Plaintiff's Motion to Strike the Affidavit of Sydney Fernandez [#23] is DENIED AS MOOT.

## II.    BACKGROUND

Plaintiff, proceeding *pro se*, initiated the present lawsuit on May 7, 2025 by filing a "Motion for Summary Judgment and Default Judgment." ECF No. 1. He then filed a Complaint on May 12, 2025, and an Amended Complaint on May 19, 2025. In his Amended Complaint, Plaintiff asserts that he entered into a "mortgage loan transaction" with Defendant on or about December 11, 2023. ECF No. 6, PageID.109. Following Defendant's purported nondisclosures and misrepresentations regarding loan terms, Plaintiff allegedly served Defendant with a "Notice of Right to Rescind," a "Notice of Default and Opportunity to Cure," and a "formal offer of Accord and Satisfaction, accompanied by conditional settlement [checks] clearly marked and communicated as full and final settlement of all claims related to the mortgage loan." *Id.* at PageID.109-10. Plaintiff asserts that Defendant

accepted and deposited the checks, thereby accepting the accord pursuant to Section 3-311 of the Uniform Commercial Code ("UCC"). Despite this purported acceptance, Defendant allegedly continued collection efforts and foreclosure proceedings, failed to discharge Plaintiff's mortgage obligation, and failed to acknowledge Plaintiff's recission.

Plaintiff's Amended Complaint alleges four causes of action. In Count I, Plaintiff seeks a declaratory judgment finding that he lawfully rescinded the mortgage in accordance with the Truth in Lending Act ("TILA") and that the mortgage is void and unenforceable. In Count II, Plaintiff asserts a breach of contract claim based on Defendant's continued efforts to enforce the mortgage agreement despite its purported acceptance of the accord and satisfaction. In Count III, Plaintiff alleges that Defendant violated TILA and federal regulations by failing to provide Plaintiff with certain disclosures. Lastly, in Count IV, Plaintiff alleges that Defendant violated the Real Estate Settlement Procedures Act ("RESPA") and federal regulations by failing to "timely and meaningfully respond to Plaintiff's Qualified Written Requests and Notices of Error," and by failing to "conduct reasonable investigations or correct errors." ECF No. 6, PageID.112. Plaintiff seeks damages and injunctive relief barring Defendant from "further collection or foreclosure related to the rescinded loan." *Id.*

### III. LAW AND ANALYSIS

#### A. Defendant's Motion to Dismiss [#17]

Defendant moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In adjudicating a motion to dismiss, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quotations omitted). Even so, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh*, 487 F.3d at 476 (citation omitted). Furthermore, while "[a]ssessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings," a court may consider items of public record in adjudicating a motion to dismiss. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted).

For the reasons that follow, the Court finds that Plaintiff's Amended Complaint fails to state a claim to relief that is plausible on its face.

i. Counts I and III

Counts I and III of Plaintiff's Amended Complaint arise from alleged violations of TILA. In Count III, Plaintiff alleges that Defendant "failed to provide the disclosures required by TILA and Regulation Z, including a clear right to rescind and accurate finance charge disclosures." ECF No. 6, PageID.111. Similarly, in Count I, Plaintiff seeks a declaratory judgment finding that the mortgage loan was lawfully rescinded pursuant to TILA and, thus, is void and unenforceable. *Id.*

Congress enacted TILA "to facilitate the consumer's acquisition of the best credit terms available[,] and to protect the consumer from divergent and at times fraudulent practices stemming from the uniformed use of credit." *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1040 (6th Cir.1984) (citation omitted). "Consistent with this purpose, the Act gives a consumer-borrower the right to rescind a loan secured by the borrower's principal dwelling within three business days of the transaction." *Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 840 (E.D. Mich. 2010) (citing 15 U.S.C. 1635(a)). After three business days, TILA allows for rescission of the loan where "the lender fails to deliver certain forms or to disclose important terms accurately." *Id.* (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998)). TILA's right of recission does not apply to a "residential mortgage transaction," which is defined by the statute as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an

5

installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition . . . of such dwelling." 15 U.S.C. §§ 1635(e)(1), 1602(x); *see also Yaldu*, 700 F. Supp. 2d at 841.

Here, Plaintiff's Amended Complaint alleges that he entered into a "mortgage loan transaction" with Defendant on or around December 11, 2023. While the complaint does not identify the specific transaction at issue, Defendant contends—and Plaintiff does not dispute—that the transaction at issue relates to Plaintiff's purchase of a residential property located at 1304 Devonshire Road, Grosse Pointe Park, Michigan 48230. Plaintiff's mortgage instrument—which he signed on December 7, 2023 and was recorded with the Wayne County Register of Deeds on December 14, 2023—indicates that he borrowed $466,297.00 from Defendant, secured by a purchase money mortgage, to purchase the residential property. Furthermore, Plaintiff's Amended Complaint alleges that he presently resides at that address. Against this backdrop, it is clear that the transaction giving rise to Plaintiff's TILA claims is a "residential mortgage transaction" as defined by the statute. Because TILA's right of recission does not apply to such transactions, Plaintiff is not entitled to relief under this statute. As such, Counts I and III of Plaintiff's Amended Complaint fail to state a plausible claim to relief, and dismissal of these counts is thus appropriate.

ii. <u>Count II</u>

Count II of Plaintiff's Amended Complaint alleges breach of contract. Plaintiff claims that, in accordance with UCC § 3-311, he "made a clear, unambiguous offer of accord and satisfaction" by tendering conditional settlement checks that were "clearly marked and communicated as full and final settlement of all claims related to the mortgage loan." ECF No. 6, PageID.109, PageID.112. By depositing these checks, Plaintiff posits, Defendant accepted the accord and satisfaction, and its continued efforts to enforce the mortgage agreement constitute breach of contract.

Plaintiff's Amended Complaint fails to state a plausible breach of contract claim. For one, Section 3-311 of the UCC applies only to negotiable instruments, and a mortgage on real property is not a negotiable instrument. UCC § 3-102 (providing that Article 3 of the UCC "applies to negotiable instruments"); *Howze v. New Century Mortg. Corp.*, No. 08-13458, 2008 WL 5110521, at *1 n.1 (E.D. Mich. Dec. 2, 2008); *see also Mox v. Jordan*, 186 Mich. App. 42, 46 (Mich. Ct. App. 1990) (recognizing that "[a] mortgage instrument is not a negotiable instrument" and instead "merely secures payment of the negotiable instrument"). Furthermore, under Michigan's statute of frauds, the purported accord and satisfaction must have been memorialized in a written instrument signed by Defendant in order to be enforceable. Michigan's statute of fraud provides, in pertinent part, as follows:

> A person shall not bring an action against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment *is in writing and signed with an authorized signature by the financial institution*:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

MICH. COMP. LAWS 566.132(2) (emphasis added). Plaintiff's Amended Complaint does not allege the existence of a written agreement, signed by Defendant, that memorializes the alleged accord and satisfaction. Accordingly, Plaintiff's Amended Complaint fails to state a plausible breach of contract claim, and dismissal of Count II is therefore appropriate.

        iii.  Count IV

Lastly, Count IV of Plaintiff's Amended Complaint alleges violations of RESPA and Regulation X, RESPA's implementing regulation. Specifically, Plaintiff claims that Defendant "failed to timely and meaningfully respond to Plaintiff's Qualified Written Requests and Notices of Error," and "failed to conduct reasonable investigations or correct errors as required by RESPA and Regulation X." ECF No. 6, PageID.112.

As this Court has recognized, "a complaint alleging violations of Regulation X and RESPA must make more than a naked claim of actual damages," and instead must "allege damages that are traceable to the defendant's conduct." *Wright v. Ocwen Loan Servicing, LLC*, No. 19-10763, 2019 WL 3714522, at *2 (E.D. Mich. Aug. 7, 2019) (citation omitted). Here, Plaintiff's Amended Complaint does not explain how the damages he seeks are traceable to Defendant's alleged violations of RESPA and Regulation X. It instead contains a conclusory allegation that Plaintiff is entitled to damages. Because Plaintiff has not alleged actual damages that are traceable to Defendant's conduct, dismissal of Count IV is appropriate.

In sum, the Court finds that Plaintiff's Amended Complaint fails to state a claim to relief that is plausible on its face. Accordingly, Defendant's Motion to Dismiss is granted. Plaintiff's Amended Complaint is dismissed in its entirety.

### B. Plaintiff's Motion for Leave to File Second Amended Complaint

In his motion for leave to file a second amended complaint, Plaintiff seeks to supplement his existing TILA claims with additional factual allegations. He claims there is "new evidence" that directly supports his TILA recission claims "by showing that the mortgage was executed under coercion and duress, undermining Defendant's reliance on the 'residential mortgage transaction' exemption." ECF No. 21, PageID.330-31. In his proposed Second Amended Complaint, Plaintiff alleges that he initially signed the mortgage documents by denoting "without prejudice UCC

1-308" on the signature pages, thus "reserving his rights." *Id.* at 335. Later that day, the title agent allegedly informed Plaintiff that Defendant would not release the closing funds unless Plaintiff re-signed the signature pages without that denotation, and that his refusal "would result in losing the home purchase, $5,000 earnest money, and appraisal/inspection expenses." *Id.* Plaintiff claims he subsequently re-signed the mortgage agreement under "coercion and economic duress," and as such, the transaction is not a "residential mortgage transaction." *Id.* at PageID.335-36.

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007) (citation omitted).

Here, denial of Plaintiff's motion for leave to file a second amended complaint is appropriate because the proposed amendments would be futile if allowed. Plaintiff's assertions of coercion and duress do not transform the nature of the transaction or otherwise render TILA applicable. The mortgage agreement remains, in form and function, a residential mortgage transaction as defined under TILA. Accordingly, because TILA expressly provides that the right to recission does not

apply to residential mortgage transactions, Plaintiff's proposed amendments would be futile if allowed. Therefore, Plaintiff's motion for leave to file a second amended complaint is denied.

### C. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and Plaintiff's Motion to Strike the Affidavit of Sydney Fernandez

Lastly, Plaintiff moves for a temporary restraining order and preliminary injunction enjoining Defendant from reporting negative information concerning Plaintiff to any consumer credit reporting agency until this case is resolved. He also moves to strike the affidavit of Sydney Fernandez, which Defendant submitted in support of its response to Plaintiff's motion for a temporary restraining order and preliminary injunction.

Under Article III of the United States Constitution, federal courts can only decide "Cases" or "Controversies." U.S. Const. art. III, § 2. Federal courts may adjudicate "only genuine disputes between adverse parties, where the relief requested would have a real impact on the legal interests of those parties." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006). "If 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Id.* (quoting *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979)).

Here, the Court has found that dismissal of this case in its entirety is appropriate. As such, given that there is no live case or controversy, the Court lacks jurisdiction to adjudicate Plaintiff's motion for a temporary restraining order and preliminary injunction. Therefore, that motion is denied as moot, as is Plaintiff's motion to strike Ms. Fernandez's affidavit.

## IV.  CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [#17] is GRANTED; Plaintiff's Motion for Leave to File Second Amended Complaint [#21] is DENIED; Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [#11] is DENIED AS MOOT; and Plaintiff's Motion to Strike the Affidavit of Sydney Fernandez [#23] is DENIED AS MOOT.

SO ORDERED.

Dated: October 31, 2025  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 31, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager