UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEEL LOCKHART,

Plaintiff,

Case No. 25-11341
U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

v.

SUN WEST MORTGAGE COMPANY, INC.,

Defendant.

______________________________/

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E) [#33], DENYING PLAINTIFF'S MOTION TO COMPEL THE COURT TO RULE ON PENDING MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E) [#34], AND DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(4) [#35]**

Presently before the Court are the following motions: (1) Plaintiff Jameel Lockhart's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e); (2) Plaintiff's motion to compel the Court to rule on pending Rule 59(e) motion; and (3) Plaintiff's motion to vacate judgment pursuant to Federal Rule

of Civil Procedure 60(b)(4). For the reasons that follow, all three motions will be denied.

The Court begins with Plaintiff's motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). There are four situations that justify altering or amending a judgment: "(1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice." *Hutchins v. Sampson*, No. 12-12354, 2013 WL 5488443, at *1 (E.D. Mich. Oct. 2, 2013) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues" or "to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Project Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted). Nor can a party use a Rule 59(e) motion to raise new legal arguments that could have been previously presented to the Court. *See Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Here, Plaintiff's Rule 59(e) motion is untimely. The Court entered judgment on October 31, 2025, but Plaintiff did not file the present motion until January 21,

2026, nearly three months after the entry of judgment. Moreover, even if the motion were timely, denial would nevertheless still be appropriate. This is Plaintiff's second Rule 59(e) motion. It raises issues that Plaintiff either previously raised and the Court considered, or that he could have raised before the Court entered judgment or in his first Rule 59(e) motion. Rule 59(e) does not provide a vehicle for a party to reassert arguments already considered by the Court or to present arguments that could have been raised earlier. For these reasons, denial of Plaintiff's Rule 59(e) motion is appropriate. The Court will also deny Plaintiff's motion to "compel" the Court to rule on this motion, without addressing the merits, as moot.

The Court now turns to Plaintiff's motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) provides relief in circumstances where the underlying judgment is void. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard." *Covington v. City of Detroit*, No. 25-10482, 2026 WL 909643, at *1 (E.D. Mich. Mar. 31, 2026) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)).

Here, Plaintiff claims the Court deprived him of this procedural due process rights by considering extrinsic evidence submitted by Defendant in support of its Rule 12(b)(6) motion to dismiss without allowing him to present competing evidence. Indeed, Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Sixth Circuit "has interpreted the text of Rule 12(d) to mean that a district court must either (1) expressly reject evidence outside the complaint that is attached to a 12(b)(6) motion or an opposition to such motion, or (2) treat the motion to dismiss as a motion for summary judgment." *Courser v. Mich. House of Reps.*, 831 F. App'x 161, 169 (6th Cir. 2020).

Plaintiff first points to the affidavit of Sydney Fernandez, which Defendant submitted in support of its response to Plaintiff's motion for a temporary restraining order. "Rather than excluding this affidavit or converting the motion into a summary judgment proceeding under Rule 56," Plaintiff argues, the Court accepted the affidavit "while concurrently rejecting the plaintiff's extrinsic submittals on the grounds that 'a federal court generally cannot consider extrinsic evidence in assessing whether a complaint states a claim.' " ECF No. 35, PageID.451. But the Court did not consider Ms. Fernandez's affidavit in resolving Defendant's motion to

dismiss. Indeed, Defendant submitted Ms. Fernandez's affidavit in support of its response to Plaintiff's motion for a temporary restraining order, not in support of its motion to dismiss.

Next, Plaintiff argues that the Court improperly treated Defendant's Rule 12(b)(6) motion as evidence. According to Plaintiff, "[b]ecause the Court accepted the defense's characterization of the mortgage loan via an unconverted Rule 12(b)(6) motion," he "was denied the procedural safeguards established by both the Federal Rules and circuit precedent." ECF No. 35, PageID.452. This argument is also unavailing. In adjudicating a Rule 12(b)(6) motion, the Court necessarily considers the parties' briefing and the arguments contained therein, and those arguments are not evidence. Indeed, Plaintiff filed a response to Defendant's motion, and the Court considered Plaintiff's arguments, in addition to Defendant's arguments, in resolving that motion. Accordingly, because Plaintiff has identified neither a jurisdictional defect nor a due process violation depriving him of notice and an opportunity to be heard, denial of his Rule 60(b)(4) motion is appropriate.

Based on the foregoing, Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) [#33] is DENIED; (2) Plaintiff's motion to compel the Court to rule on pending Rule 59(e) motion [#34] is DENIED AS MOOT; and (3) Plaintiff's motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and Rule 12(d) [#35] is DENIED.

SO ORDERED.

Dated: August 14, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 14, 2026, by electronic and/or ordinary mail.

/s/ Marlena Williams
Case Manager